[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14226

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFERY LAMAR ACREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00018-MTT-CHW-1

_____

2                       Opinion of the Court                    23-14226

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jeffery Acree appeals his within-Guidelines, 38-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that his sentence is substantively unreasonable because the district court placed too much weight on his criminal history relative to the other 18 U.S.C. § 3553(a) sentencing factors.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). A district court abuses its discretion by, among other things, committing a "clear error of judgment in considering the proper factors," including by "balanc[ing] them unreasonably." *Id.* at 1189 (quotation omitted). The party challenging the sentence bears the burden to show that it is unreasonable. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will vacate only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). Further, "we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018) (alteration adopted and quotation omitted).

Acree has not met his burden to show that his 38-month sentence was substantively unreasonable. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Clay*, 483 F.3d at 743 (quotation omitted). The district court may "attach great weight" to any single factor or combination of factors. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation omitted). And placing "substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). Here, the district court properly considered all the § 3553(a) factors when selecting its sentence. Its choice to emphasize Acree's criminal history when imposing a sentence near the top of his Guidelines range lies well within its discretion.

**AFFIRMED.**